FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 17  PM 5:04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH AGUILAR, III, MACKEY CUTRER and CARLA JARIUS | * * * | CIVIL ACTION NO.: 06-4660 |
| VERSUS | * * | JUDGE: FELDMAN |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | * * * * * * * | MAGISTRATE: SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ALLSTATE'S OBJECTION TO PLAINTIFFS' NOTICE OF COLLATERAL PROCEEDINGS

Defendants, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively "Allstate"), submit this objection to Plaintiffs' Notice of Collateral Proceeding Pursuant to Local Rule 3.1. For the reasons that follow, Allstate submits that this Court should not transfer or otherwise consolidate the above captioned matter with the proceedings also pending before this Court as plaintiffs have suggested.

Plaintiffs filed a Notice of Collateral Proceeding, appending a list of 17 cases currently pending in this Court and which plaintiffs claim involve the same or similar legal

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

issues and seek similar relief. Despite plaintiff counsel's suggestion that the cases are related and should be transferred to the lowest docket number, a transfer of this case is not appropriate here under Local Rule 3.1. Local Rule 3.1 requires that the related case involve subject matter that either comprises <u>all or a material part of the subject matter or operative facts</u> of another action. All 17 of the actions listed by plaintiffs' counsel simply do not involve all or a material part of the same subject matter or operative facts. To the contrary, each suit involves different plaintiffs, their claims under different insurance policies against multiple unrelated insurance companies, and the adjustment and claims handling practices of multiple unrelated insurance companies. None of the operative facts will be the same in any of these actions, (or even for any plaintiffs joined in the same action), because the facts and circumstances of any given plaintiff's loss will need to be determined on a case-by-case basis, and each claim will have been independently adjusted and evaluated by different insurers, each of which have different procedures, policies, practices, and defenses.

If the Court were to accept plaintiffs' over broad generalization of these cases as "collateral proceedings" under Local Rule 3.1, thousands of Hurricane Katrina insurance cases could be deemed "collateral proceedings" because they all involve insured's claims for damages resulting from Hurricane Katrina, present similar policy interpretation issues and seek the same relief. Such an application of Local Rule 3.1 is clearly not appropriate in these circumstances. Accordingly, these cases are not collateral proceedings that should be transferred to the lowest docket number as suggested by plaintiffs' counsel.

69543

Nonetheless, to the extent the Court is so inclined to consolidate the matters, Allstate respectfully avers this Court consolidate the aforementioned matter with *Samantha Nguyen v. St. Paul Travelers Ins. Co.*, Civil Action No. 06-4130 presently pending in this Division. Allstate respectfully submits that the *Nguyen* matter is the lowest numbered putative class action of which Allstate is aware involving issues regarding the particular method of calculation and/or adjustment of Hurricane Katrina claims.

**WHEREFORE**, Allstate respectfully requests that this Court reject plaintiffs' suggestion that the 17 cases listed in his Notice of Collateral Proceedings are related cases such that they should be transferred to one section of this Court. Instead, Allstate submits that these actions should proceed separately before each respective section of the Court as originally allotted. Alternatively, Allstate avers this Court consolidate the aforementioned matter with *Samantha Nguyen v. St. Paul Travelers Ins. Co.*, Civil Action No. 06-4130 presently pending before this Division.

Respectfully submitted,

/s/ Judy Y. Barrasso

Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
    Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company and Allstate Property and Casualty Insurance Company

69543

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Objection to Plaintiffs' Notice of Collateral Proceedings has been served upon all counsel of record by facsimile, this 17th day of October, 2006.

*[signature]*

69543