UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH AGUILAR,III, and JEAN and MACKEY CUTRER, and CARLA JARIUS | * | CIVIL ACTION |
| versus | * | NO. 06-4660 |
| ALLSTATE FIRE AND CASUALTY INS. COMPANY, ET AL. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss and motion to strike the class allegations. For the reasons that follow, the motion to strike the class allegations is GRANTED and the motion to dismiss is GRANTED in part and DENIED in part without prejudice.

Background

Joseph Aguilar, III, Jean and Mackey Cutrer, and Carla Jurius all suffered damage to their properties as a result of Hurricane Katrina. On August 24, 2006, they sued Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company, asserting that the defendants breached insurance contracts, adjusted claims in bad faith subjecting them to state law penalty statutes, and "violat[ed] state and federal laws pertaining to unfair trade practices." The plaintiffs assert that defendants

1

"engaged in a wrongful scheme to delay, deny or underpay claims by repeatedly utilizing below market unit pricing and nonpayment or intentional underpayment of industry standard items all in contravention of the terms of the policies issued and the practices of the industry." The plaintiffs style their complaint as a "class action complaint" and identify the proposed class as:

> All immovable property owners in the State of Louisiana who were issued a property, business, commercial and/or flood insurance policy by the named defendants and whose policy was in full force and effect at the time of the covered event and who made a claim for benefits under said policy to address the physical damages to their property which was damaged as a result of Hurricane Katrina and its aftermath. In addition, each class member has been determined by the defendant to have a compensable loss and has either been paid or in the process of being paid by the defendant for the compensable loss of the property. The loss payment to each class member included a below market unit pricing on numerous items and non-payment of industry standard items, resulting in inadequate compensation to the class members.

The defendants now move to dismiss the plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) or, alternatively, to strike class allegations pursuant to Rule 23(d)(4). They contend that the plaintiffs' claims fail because (1) the plaintiffs fail to identify any specific provisions in their policies that the defendants have breached; (2) the plaintiffs' claims under the state law penalty statutes must fail because plaintiffs' breach of insurance contract claims fail; (3)

generic allegations that the defendants violated state and federal laws pertaining to unfair trade practices do not state a claim; (4) the plaintiffs' purported flood insurance claims are preempted by federal law; (5) no named plaintiff has standing to assert a claim against Allstate Fire and Casualty or Allstate Property and Casualty.  Finally, the defendants contend that plaintiffs' class allegations fail as a matter of law and must be stricken because individualized inquiries predominate.

I.

Rule 23(a) sets forth four prerequisites to any class action: (1) a class "so numerous that joinder of all members is impracticable"; (2) the existence of "questions of law or fact common to the class"; (3) class representatives with claims or defenses "typical . . . of the class"; and (4) class representatives that "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  In addition to these prerequisites, a party seeking class certification under Rule 23(b)(3) must also demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that the class action is "superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

The plaintiffs bear the burden of showing that all of these Rule 23 criteria are met. Unger v. Amedisys Inc., 401 F.3d 316,

320 (5th Cir. 2005). A court may strike class allegations under Rule 23(d)(4) where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate. See Hedgepeth v. Blue Cross & Blue Shield of Miss., 2006 WL 141624 (N.D. Miss. Jan. 18, 2006)(citing Stewart v. Winter, 669 F.2d 328, 331 (5th Cir. 1982) and noting that the Fifth Circuit has upheld the power of district courts to dismiss class allegations prior to any extensive class-related discovery).

The plaintiffs filed their complaint as a class action under Rule 23(b)(3). But even assuming that the plaintiffs have met the four requirements of Rule 23(a), they have not met their burden under Rule 23(b)(3) of proving that common issues of the class predominate over individual issues, and the class certification fails for this reason.

Rule 23(a)(2) instructs that there be issues of law or fact common to the class. The commonality requirement is satisfied if at least one issue's resolution will affect all or a significant number of class members. See James v. City of Dallas, 254 F.3d 551, 570 (5th Cir. 2001); Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th Cir. 1999). There is a low threshold for commonality, and the fact that some plaintiffs have different claims or require individualized analysis does not defeat commonality. James, 254 F.3d at 570. But the analysis continues because Rule 23(b)(3) mandates that common questions of law or fact

4

must also "predominate over any questions affecting only individual [class] members." <u>Unger</u>, 401 F.3d at 320. This is the test of cohesion, and it is demanding. To predominate, common issues must form a significant part of individual cases. <u>Mullen</u>, 186 F.3d at 626. The predominance requirement of Rule 23(b)(3) is "far more demanding" than the commonality requirement of Rule 23(a), because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Unger</u>, 401 F.3d at 320. Lastly, the cause of action as a whole must satisfy Rule 23(b)(3)'s predominance requirement. <u>Steering Committee v. Exxon Mobil Corp.</u>, 461 F.3d 598, 601 (5th Cir. 2006).

Recently, this Court struck similar class allegations against an insurer based on its alleged "corporate scheme and pattern and practice of bad faith and improper claims handling." See <u>Spiers v. Liberty Mut. Fire Ins. Co.</u>, C.A. No. 06-4493 (E.D. La. Nov. 21, 2006). The similarity of the allegations here compels the same result. While Allstate's general internal policies for adjusting claims may arguably be one common issue of fact, demonstrating a wrongful pattern and practice of failing to adjust claims will require an intensive review of the individual facts of each class member's damage claim, including the nature and extent of damage, the timing and adjustment of each class member's claim, how much each class member was paid for his claim and for what damage, and whether that amount was sufficient and timely. On the face of the

pleading, it is clear that those individualized and highly personal issues pertaining to each class member patently overwhelm any arguably common issues, rendering the claims inappropriate for class treatment. See Pollet v. Travelers Prop. Cas. Ins. Co., 2001 WL 1471724 (E.D. La. Nov. 16, 2001)(Clement, C.J.)(holding that class certification was inappropriate in an action alleging that the insurer failed to adequately compensate policyholders because of the need for individualized proof on thousands of separate insurance claims).

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in the plaintiff's favor and all facts pleaded in the complaint must be taken as true. See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986). The Court cannot dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiffs' complaint purports to assert claims against the Allstate defendants for breach of contract and violation of state law penalty statutes, and violation of state and federal law unfair trade practices.

A.

The Fifth Circuit has explained, "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." Louque v. Allstate Insurance Company, 314 F.3d 776, 782 (2003)(citing Bergeron v. Pan Am. Assurance Co., 731 So.2d 1037, 1045 (La. App. 1999). The plaintiffs point to no specific policy provisions in their complaint that would prohibit anything Allstate did in the settlement of these claims. The plaintiffs argue that Allstate incorrectly interprets Bergeron; but if this is the case, then the Fifth Circuit is also misguided in its interpretation of Bergeron, and this Court does not find this to be the case. While the plaintiffs' complaint for breach of contract is vaguely and inartfully crafted, this Court must resolve all doubts regarding the sufficiency of the claim in the plaintiffs' favor. Considering the Lowrey standard for dismissing a plaintiff's claim, the Court declines to dismiss the breach of contract complaint, but instead will allow the plaintiffs the opportunity to amend their complaint to correct the Bergeron deficiencies.

B.

Louisiana Revised Statutes 22:658 and 22:1220 announce statutory penalties that may be imposed on insurance companies for improper handling of first-party property insurance claims. Section B of La. R.S. 22:1220 outlines five causes of action against an insurer: misrepresenting insurance policy provisions relating to coverage, failing to pay a settlement timely after an agreement is reduced to writing, denying coverage or attempting to settle a claim on an altered application without the insured's consent, misleading a claimant as to the prescriptive period, and arbitrarily failing to settle claims timely after receiving satisfactory proof of loss.  Louisiana courts have held that "because R.S. 22:1220 is penal in nature, strict construction of the statute is required and that the five instances specified in section B are exclusive." Armstrong v. Rabito, 669 So.2d 512, 514 (La. App. 1995)(citing Hernandez v. Continental Casualty Co., 615 So.2d 484 (La. App. 1993)); see also Hart v. Allstate Ins. Co., 437 So.2d 823 (La. 1983).  Louisiana courts have also held that unless one of the proscribed acts in 12:1220 are asserted by the plaintiff, then the claims must be dismissed. Armstrong, 669 So.2d at 514; Boatner v. State Farm Mutual, No. 92-C-1248 (La. App. Sept. 28, 1992).

The plaintiffs make no argument whatsoever in support for sustaining their claims under the state penalty statutes.  In their

complaint, the plaintiffs describe Allstate's infraction as underpaying them by "calculat[ing] using below market unit price figures for various items damaged and/or destroyed...."  This assertion does not implicate La. R.S. 12:1220.  Further, the plaintiffs do not dispute that each of their bad faith claims are contingent upon properly alleging breach of insurance contract claims.  Thus, because the Court will allow the plaintiffs an attempt to cure their breach of contract pleading deficiencies, the Court leaves open the possibility that the plaintiffs will attempt to cure their bad faith claims deficiencies as well.

C.

The plaintiffs also purport to assert claims for defendants' "violation[s] of both State and Federal Law concerning Unfair Business Practices."  Such "bare bones" allegations are insufficiently conclusory and fail to put Allstate on notice as to what conduct supports the plaintiffs' claims.  Thus, the plaintiffs have failed to state a claim upon which relief may be granted.  See Beanal v. Freeport-McMoran, Inc. 197 F.3d 161, 164 (5th Cir. 1999).  Thus, the claims must be dismissed.

D.

The defendants urge the Court to dismiss the plaintiffs' flood insurance claims because such claims are preempted by federal law.  The plaintiffs concede that any state law claim under flood insurance policies would be preempted but they say that they have

not attempted to plead any state law flood claims.

But Allstate further contends that any federal flood claims must also be dismissed. The Court agrees. It is not clear on which basis the plaintiffs may be attempting to assert a claim under their flood policies. (The plaintiffs suggest that Paragraph 5 of the complaint, which asserts that the Court has federal question jurisdiction because "a significant number of the claims are made under the National Flood Insurance Program," is "simply a jurisdictional statement.") However, to the extent the plaintiffs seek to state a claim for breach of flood insurance policies, the plaintiffs have failed to allege any of the prerequisites applicable to such claims. <u>See</u>, <u>e.g.</u>, 44 C.F.R. pt. 61, App. A(1), articles VII(R) and VII(J).

To the extent the plaintiffs have purported to assert flood insurance claims, they are dismissed.

E.

The plaintiffs name four defendants in their complaint: Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company. The defendants urge that the plaintiffs lack standing against Allstate Fire and Casualty and Allstate Property and Casualty because none of the named plaintiffs have or had policies with either of these companies. The plaintiffs do not dispute this; rather they say that the policies

issued by these two defendants are similar to the policies issued by the other defendants and named plaintiffs will "adequately represent the contentions of class members that may have been insured by Allstate related companies...."  This, again, is strikingly inartful and inadequate.

Any claims plaintiffs purport to allege against Allstate Fire and Casualty and Allstate Property and Casualty must be dismissed for lack of standing. Grant v. Gilbert, 324 F.3d 383, 386 (5th Cir. 2003) (citing Lujan v. Defendants of Wildlife, 504 U.S. 555, 560 (1992)). The plaintiffs' concession that none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty is a concession that they lack standing to sue those defendants. And their attempts to establish Article III standing "through the backdoor of a class action" is unavailing. See Henry v. Circus Circus Casinos, 223 F.R.D. 541, 544 (D. Nev 2004) (quoting Alle v. Medrano, 416 U.S. 802 (1974) (Burger, C.J., concurring in part and dissenting in part)); see also In re Franlin Mut. Funds Fee Litig., 388 F. Supp. 2d 451, (D. N.J. 2005) ("a named plaintiff can bring suit against a party only if the plaintiff personally suffered an injury and that injury is traceable to that party...[i]f a plaintiff cannot trace an injury to a defendant, the plaintiff lacks standing with regard to that defendant").

Accordingly, the defendants' motion to strike class

allegations is GRANTED.  The defendants' motion to dismiss is GRANTED in part and DENIED in part without prejudice.  The plaintiffs are granted leave to amend their claims for breach of contract and bad faith penalties within 14 days.  Their claims for violations of state and federal unfair trade practices are dismissed, as are their claims against Allstate Fire and Casualty and Allstate Property and Casualty.

    New Orleans, Louisiana, March 5, 2007.

                                      _____
                                        MARTIN L. C. FELDMAN
                                   UNITED STATES DISTRICT JUDGE